IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KEVIN DOWNEY and JANICE TUXHORN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 05-3001 ) |
| CHARLES SHONKWILER, et al., | ) ) |
| Defendants. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendants Charles Shonkwiler, Pam Jurkoshek and Macon-Piatt Regional Office of Education's Motion to Dismiss Plaintiffs' First Amended Complaints and Memorandum of Law in Support Thereof (d/e 22) (Motion to Dismiss). Plaintiffs Kevin Downey and Janice Tuxhorn's actions have been consolidated, and each Plaintiff has filed a First Amended Complaint. Plaintiff Downey's First Amended Complaint (d/e 17) (Downey Amended Complaint); Plaintiff Tuxhorn's First Amended Complaint (d/e 19) (Tuxhorn Amended Complaint) (collectively, the Amended Complaints). The Defendants ask

1

the Court to dismiss both Amended Complaints. For the reasons set forth below, the Motion to Dismiss is allowed in part.

For purposes of the Motion to Dismiss, the Court must accept as true all well-pleaded factual allegations contained in the Amended Complaints and draw all inferences in the light most favorable to Downey and Tuxhorn. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). The Amended Complaints should not be dismissed unless it appears beyond doubt that Downey and Tuxhorn can prove no set of facts that would entitle them to relief. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).

Defendants Shonkwiler, Jurkoshek, and Macon-Piatt Regional Office of Education (Regional Office) submitted an Affidavit of Pam Jurkoshek. In response, Downey submitted the Affidavit of an individual named Robert Eifert. A motion to dismiss is to be decided on the pleadings. When parties attempt to rely on matters outside the pleadings to support a motion to dismiss, the Court has the discretion to treat the motion as a motion to dismiss or to convert the motion into a motion for summary judgment. Fed. R. Civ. P. 12(b)(6); Levenstein v. Salafsky, 164 F.3d 345, 347 (7th Cir.

2

1998).  In this case, the Court, in its discretion, will address the Motion as a motion to dismiss and will not convert the Motion into a motion for summary judgment.  The Court, therefore, will not consider the Affidavits submitted by the parties.

The Defendants have also submitted a recommended decision by the Administrative Law Judge of the Illinois Labor Relations Board.  <u>Motion to Dismiss</u>, Exhibit 1, <u>State of Illinois, Dept. Of Central Management Services and AFSCME, Council 31</u> (ILRB ALJ, Case No. S-RC-05-126, July 27, 2005) (ALJ Recommendation).  The Court can consider matters of public record, such as the ALJ Recommendation, when deciding a motion to dismiss.  <u>Menominee Indian Tribe of Wisconsin v. Thompson</u>, 161 F.3d 449, 456 (7th Cir. 1998).

According to the Amended Complaints, Downey and Tuxhorn worked for the Macon Corrections Special Education District (MCSED), which was part of the Regional Office.  Downey worked as a resource specialist-GED tester.  Tuxhorn worked as a clerical technician.  The MCSED provided services at facilities operated by the Illinois Department of Corrections (Department).  Defendant Charles Shonkwiler was the Regional Superintendent of Schools for the Regional Office.  Defendant Pam

3

Jurkoshek was the coordinator of the MCSED. Defendant Fews was a Deputy Director of the Department.[1]

Downey and Tuxhorn signed substantially identical Employment Contracts with the Regional Office. Both signed in June 2003. <u>Downey Amended Complaint</u>, Exhibit A; <u>Tuxhorn Amended Complaint</u>, Exhibit A.[2] The Employment Contracts were between Downey and Tuxhorn, respectively, and the Regional Office and Shonkwiler in his official position as Superintendent of the Regional Office. Downey's Employment Contract stated that the original contract term began on June 16, 2003, and ended on June 30, 2004.[3] Tuxhorn's Employment Contract stated that the original contract term began on July 1, 2003, and ended on June 30, 2004. The Employment Contracts both stated that, "Employee shall observe and abide by all the rules and regulations of the work sites and conform to the

---

[1] The Court refers to these three Defendants collectively as the Individual Defendants.

[2] The Employment Contracts are actually attached to the original Complaints. The Court treats them as attached to the Amended Complaints. The Defendants have not objected to the fact that the Plaintiffs did not re-file the documents with the Amended Complaints.

[3] Downey's Employment Contract contains a typographical error that erroneously states that his term of employment ended on June 30, 2003, instead of June 30, 2004. <u>Downey Amended Complaint</u>, Exhibit A. The parties do not dispute that Downey's stated term of employment actually ended on June 30, 2004.

personnel policies and procedures established by the employer. The *MCSED Employee Handbook* is attached." Id. (Italics in the original). The Employment Contracts further provided:

> Either party may at his/her option, and without cause, terminate this agreement by giving the other party thirty (30) days prior written notice. Employee understands and agrees that on termination by employer, whether at the conclusion of this employment contract period or sooner, employee shall have no claim or right to continue employment on the basis of length of service with employer or any predecessor of employer. . . . This contract contains the entire agreement of the parties as to the duration of employment and shall be renewable at the discretion of the employer.

Id. The Employee Handbook stated:

> Employment may be renewed each July through June contract year, provided Department of Corrections funding is continued, work performance is satisfactory, and employee possesses appropriate certification, if applicable.

Amended Complaints, Exhibit B, MCSED Employee Handbook, dated July 1, 2003, p. 1.

On or about May 26, 2004, the Defendants terminated Downey's employment on a political basis. Downey Amended Complaint, ¶ 8. On or about June 30, 2004, the Defendants terminated Tuxhorn's employment on a political basis. Tuxhorn Amended Complaint, ¶ 8. The Defendants terminated the employment of both of the Plaintiffs by not renewing the

5

Employment Contracts. <u>Downey Amended Complaint</u>, ¶ 24; <u>Tuxhorn Amended Complaint</u>, ¶ 24. Downey and Tuxhorn further allege that there was nothing in either of their positions that made political considerations a requisite for the position.

Downey and Tuxhorn each assert three counts based on these facts. Count I in each Amended Complaint is a § 1983 action claiming that the Defendants violated Plaintiffs' First Amendment rights by terminating each Plaintiff's public employment because of each Plaintiff's political affiliations. The Plaintiffs seek compensatory and punitive damages against the Individual Defendants, in their individual capacities, and an injunction ordering the Defendants to return the Plaintiffs to their positions at MCSED. Count II of each Amended Complaint asserts a claim for breach of contract against the Regional Office and Shonkwiler. Count III asserts a claim against the Individual Defendants for tortious interference with each Plaintiff's employment relationship with the Regional Office. Defendants Shonkwiler, Jurkoshek, and the Regional Office (the Moving Defendants) move to dismiss the Amended Complaints.

## ANALYSIS

A.  COUNT I

Count I of each Amended Complaint asserts a § 1983 action against the Defendants for violating the Plaintiffs' First Amendment rights by terminating their employment for political considerations. State and municipal officials may not terminate the employment of a public employee because of the employee's political affiliations. Elrod v. Burns, 427 U.S. 347, 372-73 (1976). The Plaintiffs have sufficiently alleged the elements of their First Amendment claims.[4]

The Moving Defendants argue that the Amended Complaints give insufficient notice of the claims, but the Court disagrees. The Moving Defendants know the specific employment decisions that are at issue, and they know that each Plaintiff alleges that the Defendants fired them because of their political affiliations. The pleading gives sufficient notice of the claims. Fed. R. Civ. P. 8(a).

Shonkwiler and Jurkoshek argue that they did not have sufficient personal involvement to be liable under § 1983. The Plaintiffs allege that

---

[4]The Defendants are entitled to assert affirmative defenses, including the defense that the position held by the employee is one for which political affiliations is an appropriate requirement for the job. Branti v. Finkel, 445 U.S. 507, 517-18 (1980).

these Defendants were personally involved. Amended Complaints, ¶ 8. The Court must believe the allegations in the Amended Complaints for purposes of the Motion. Shonkwiler and Jurkoshek also cite the ALJ Recommendation to prove that they had no control over the employment decision here. There is no showing that the Plaintiffs participated in the proceedings before the ALJ. Thus, his recommended findings are not binding on the Plaintiffs or this Court. The Court must assume the allegations in the Amended Complaints are true and that these two Defendants personally participated in the decision to discriminate against the Plaintiffs because of their political affiliations.

The Moving Defendants argue that they are entitled to qualified immunity. The Court disagrees. Established Supreme Court precedent holds that terminating the employment of a public employee because of his political affiliations violates the employee's First Amendment rights. Elrod, 427 U.S. at 372-73. Thus, there would be no qualified immunity defense if Downey and Tuxhorn can prove that the Individual Defendants fired them because of their political affiliations.

The Defendants also argue that Downey and Tuxhorn cannot secure punitive damages. The Individual Defendants can be liable for punitive

damages in their individual capacities under §1983.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 n. 13 (1985).  Shonkwiler and Jurkoshek argue that they are immune from punitive damages under state law.  State law does not provide immunity for § 1983 actions.  <u>Howlett By and Through Howlett v. Rose</u>, 496 U.S. 356, 376-77 (1990).  The Plaintiffs can seek punitive damages against the Individual Defendants.

The Moving Defendants also question whether the Plaintiffs are entitled to attorneys' fees.  The Plaintiffs are entitled to attorneys' fees if they prevail on their § 1983 claim.  <u>28 U.S.C. § 1988</u>.

B.   <u>COUNT II</u>

The Plaintiffs, however, fail to state a claim for breach of their respective employment contracts.  The interpretation of a contract is a matter of law in Illinois.  <u>GNB Battery Technologies, Inc. v. Gould, Inc.</u>, 65 F.3d 615, 621 (7th Cir. 1995).  When interpreting a contract, all documents that are part of the agreement should be construed together, and the Court must give meaning to all of the stated terms.  <u>Id.</u> at 622.  Absent an ambiguity, the Court must give effect to the plain meaning of all of the terms of the agreement.  <u>Atlantic Mut. Ins. Co. v. Metron Engineering and Const. Co.</u>, 83 F.3d 897, 898 (7th Cir. 1996).  Plaintiffs allege that the

Defendants did not renew the contract at the end of the stated term, June 30, 2004. The provisions of the Employment Contract, quoted above, clearly state that the Employment Contract, "shall be renewable at the discretion of the employer." Thus, the Regional Office retained the discretion not to renew these contracts. The Regional Office exercised that discretion and did not renew these agreements. There was no breach.

The Plaintiffs rely on the language quoted from the Employee Handbook that their employment "may be renewed" if three conditions are met. This language does not require renewal of employment. If renewal was required, the language would have said that employment "shall" be renewed if three conditions were met; the Handbook does not say this. The Regional Office expressly retained the discretion to decide whether to renew these agreements. The Regional Office exercised that discretion and elected not to renew them. There was no breach. Count II fails to state a claim.

C.   COUNT III

The Plaintiffs allege a state law tort claim in Count III that the Individual Defendants interfered with the Plaintiffs' reasonable expectation of continued employment with the Regional Office/MCSED by preventing their respective employment contracts from being renewed.  Amended

Complaints, ¶35. Defendants Shonkwiler and Jurkoshek argue that they are immune from this state law claim under the Illinois Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act). 745 ILCS 10/2-201. Section 2-201 of the Tort Immunity Act provides absolute immunity for governmental employees for discretionary acts even if those acts are willful. In re Chicago Flood Litigation, 176 Ill.2d 179. 195, 680 N.E.2d 265, 273 (1997). The decision whether to terminate someone's employment is A discretionary act. Johnson v. Mers, 279 Ill.App.3d 372, 380, 664 N.E.2d 668, 675 (1996). Thus, Defendants Shonkwiler and Jurkoshek are immune from liability for terminating the Plaintiffs' employment.

The Plaintiffs cite the case of Valentino v. Hilquist for the proposition that § 2-201 does not apply to intentional torts. Valentino, 337 Ill.App.3d 461, 472-73, 785 N.E.2d 891, 901 (2003). The allegations in Valentino involved intentional physical and verbal abuse. Section 2-201 does not provide immunity for that because such conduct is not a discretionary act. Deciding whether to terminate someone's employment, however, is a discretionary act. Section 2-201 provides immunity even when the Defendants' exercise of their discretion was willful. In re Chicago Flood

Litigation, 176 Ill.2d at 195, 680 N.E.2d at 273. Defendants Shonkwiler and Jurkoshek are immune from the claim in Count III.

THEREFORE, Defendants Charles Shonkwiler, Pam Jurkoshek and Macon-Piatt Regional Office of Education's Motion to Dismiss Plaintiffs' First Amended Complaints and Memorandum of Law in Support Thereof (d/e 22) is ALLOWED, in part, and DENIED, in part. Count II in each of the Amended Complaints is dismissed. The claims against Defendants Shonkwiler and Jurkoshek in Count III of each of the Amended Complaints are dismissed. The remainder of the Motion is denied.

IT IS THEREFORE SO ORDERED.

ENTER: November 16, 2005.

FOR THE COURT:

          s/ Jeanne E. Scott
          JEANNE E. SCOTT
        UNITED STATES DISTRICT JUDGE