
IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KEVIN DOWNEY and<br>JANICE TUXHORN,<br><br>    Plaintiffs,<br><br>v.<br><br>CHARLES SHONKWILER, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 05-3001<br>)<br>)<br>)<br>) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Roberta Fews' Motion for Summary Judgment (d/e 46). On June 30, 2004, Plaintiff Janice Tuxhorn's employment contract with the Macon/Corrections Special Education District, also called School District 428 (District or MCSED), was not renewed. Tuxhorn alleged three Counts against Defendant Fews. First Amended Complaint (d/e 19). In Count I, she alleged that Defendant Fews violated her First Amendment rights by causing her to lose her job because she was a registered Republican. She brought Count I as a § 1983 claim. 42 U.S.C. § 1983. In Count III, she alleged a state-law tortious

1

interference claim.[1]  The Court previously dismissed Count II.  <u>Opinion entered November 16, 2005 (d/e 28)</u>, at 9-10.  Tuxhorn has voluntarily dismissed her claims against Defendants Charles Shonkwiler, Pam Jurkoshek, and the Macon-Piatt Regional Office of Education (Regional Office).  <u>Text Order entered September 25, 2007</u>.

Fews now moves for summary judgment on the remaining claims in Counts I and III.  For the reasons set forth below, the Motion is allowed.  Tuxhorn has presented no evidence that Fews knew Tuxhorn's political affiliation at the time that Fews allegedly gave instructions not to renew Tuxhorn's employment contract.  Tuxhorn, thus, cannot establish her First Amendment claim in Count I because she has no evidence that political affiliation was a factor in Fews' decision to terminate her employment.  The Court declines to exercise supplemental jurisdiction over the state law claim in Count III.

STATEMENT OF FACTS

Tuxhorn is a registered Republican.  <u>Memorandum of Law in Support of Defendant Fews' Motion for Summary Judgment (d/e 47)</u> (Fews

---

[1] Plaintiff Kevin Downey has voluntarily dismissed his claims against all of the Defendants with prejudice.  <u>Text Order entered June 26, 2007</u>.

Memorandum), Exhibit 1, Deposition of Janice Tuxhorn (Tuxhorn Deposition), at 28. She worked as a clerical technician for the District on year-to-year contracts. The District is a nonprofit entity of the Macon-Piatt Regional Office of Education (Regional Office). The Illinois Department of Corrections (Department or DOC) contracted with the District to provide special education services to persons in Department custody. Memorandum of Law in Support of the Motion for Summary Judgment of Defendants, Shonkwiler and Jurkoshek (d/e 49) (Shonkwiler Memorandum), Exhibit A, Deposition of Charles Shonkwiler (Shonkwiler Deposition), at 5.[2] Shonkwiler was the Regional Superintendent of the Regional Office in 2004. Jurkoshek was employed by the Regional Office as the Program Coordinator for the District. Shonkwiler Memorandum, Exhibit B, Deposition of Pam Jurkoshek (Jurkoshek Deposition), at 11. Fews was the Deputy Director of Programs and Support Services for the Department. The District's funding came from the contracts with the Department and from state and federal grants. LuAnn Eifert Deposition, at 7.

---

[2]Robert and LuAnn Eifert appear to refer to the District as School District 428. Plaintiff Tuxhorn's Response to Motion for Summary Judgment of Defendant Roberta Fews (d/e 51) (Plaintiff's Memorandum), Exhibit 1, Deposition of LuAnn Eifert (LuAnn Eifert Deposition), at 7; and Exhibit 2, Deposition of Robert Eifert (Robert Eifert Deposition), at 6-8.

From June 2003 to December 2006, James Reinhart held the position of Advisor to the Director of the Department.  On April 30, 2004, Reinhart sent an email to LuAnn Eifert, Business Administrator for the District, wanting to know how to terminate a District employee.  <u>Plaintiff's Memorandum</u>, Exhibit 6, <u>Email from James Reinhart to LuAnn Eifert dated April 30, 2004</u>.  Reinhart stated in his deposition that he did not remember why he sent the email or whether he talked to anybody about it.  <u>Plaintiff's Memorandum</u>, Exhibit 8, <u>Deposition of James Reinhart</u>, at 13-14.  Reinhart also stated that he had no control or decisionmaking authority over the District or its contract employees.  <u>Id.</u>, at 15-16.

Jurkoshek states in her deposition that Fews instructed her not to renew the employment contracts of Tuxhorn and Tuxhorn's brother Kevin Downey.  On May 25, 2004, Fews called Jurkoshek to Fews' office.  According to Jurkoshek:

> She asked me to come to her office, and in the days leading up to the 25th we were going through -- each day we were hearing that principals were being let go and secretaries were being let go, and there was a first issue with our contract, the fringe benefits, where I had been told by Bob Eifert that for the first time ever, that DOC was not going to pay the employer portion, which is a legal requirement that an employer pay.  And it was just bad times.  People were on edge.  Basically, they didn't know who was going next.  We would hear people in the

4

field.

So I guess I'm leading up to that, that I had been with the program since 1979, and it always goes to about the last month of the fiscal year, that we don't know if we're going to be in business the next year.

Plaintiff Tuxhorn's Response to Motion for Summary Judgment of Defendant Roberta Fews (d/e 51) (Plaintiff's Memorandum), Exhibit 5, Deposition of Pam Jurkoshek (Jurkoshek Deposition), at 8-9. The fiscal year ended on June 30. Robert Eifert was Associate Superintendent of the District, and also, married to LuAnn Eifert. LuAnn Eifert Deposition, at 60. He also was Tuxhorn and Downey's brother-in-law. Plaintiff's Memorandum, Exhibit 3, Robert Eifert Affidavit, ¶ 5.

Jurkoshek anticipated, as she went to Fews' office, that Fews was going to close the District completely:

> So I really thought the call was that MCSED was not going to exist. So I went over there and was prepared for the worst. And Roberta prefaced the conversation with, you know, this is just a bad time, the budget is being cut right and left, and it's just not a good time for anybody. And she -- she was sitting facing me, and she said, "I received a call from over there," and she nodded her head towards the window. Well, out the window, you could see the executive building, and that's where the Director of Corrections is, and the Deputy Director, Tony Small.
> Well, the budget cuts, when we would hear of budget cuts, it seemed that they all went back to Tony Small, the Deputy

> Director of Finance, which would make sense. They would trickle down from there. He didn't -- she didn't say his name, but doing that and nodding towards the executive building, and she's asking me to cut the budget. That's what I assumed that she was meaning, that the call was from Tony Small.
>
> . . . .
>
> I do not [know that the call was from Tony Snow]. She did not mention a name, and she is Deputy Director and covering our program. You know, she was at a higher level than me. I wasn't going to take her to task on that.

<u>Jurkoshek Deposition</u>, at 9-10. Fews then told Jurkoshek to cut Downey's position. Jurkoshek sent an email to Charles Shonkwiler the next day informing him that Fews told her to give Downey a thirty day notice. <u>Plaintiff's Memorandum</u>, Exhibit 8, <u>Email dated May 26, 2004, from Pam Jurkoshek to Charles Shonkwiler</u>.

A few days later, before the end of May 2004, Fews called Jurkoshek to her office again and told her to cut Tuxhorn's position. Jurkoshek described how Fews started the conversation at this meeting:

> And at that time she [Fews] said, "I understand there are two administration secretaries, and who are they?" And I said, "Janice Tuxhorn and Tammy Johnson." And she basically went through the same budget, you know, times are tough, we really have to look for cuts. "I received a call from over there," and again, nodded her head toward the left. . . .
> She said, "Tell me what these positions -- what they do." And I said Janice was my secretary, and she did the timekeeping

6

for all of our MCSED employees. Tammy Johnson was the administrative secretary for the surrogate parent program, and . . . is funded by the State Board of Education . . . .

And she said, "Well, we need to cut these positions." And I said, "Well, Tammy's position is not funded by the Department of Corrections . . . ." And she said, "Well, then, that wouldn't make sense to cut that position, then," so she said, "We'll just be cutting the clerical technician position."

Jurkoshek Deposition, at 16-18. The District sent Tuxhorn notice on June 1, 2004, that her employment contract would not be renewed after it expired on June 30, 2004.

Fews denies that she had anything to do with Tuxhorn's termination with the District. Fews states that she did not have the authority to direct the District to terminate any employee. She states that she never talked to anyone in 2004 about terminating or laying off Tuxhorn. Fews Deposition, at 20.

Six other District employment contracts were not renewed as of June 30, 2004, in addition to the contracts with Tuxhorn and Downey. Four of those contractors were also full-time Department employees, one of the contractors retired as of that date, and one did not have the credentials for the renewal of her contract. Robert Eifert Affidavit, ¶ 4. Robert Eifert was also terminated from his position as Associate Superintendent of the

7

District on June 30, 2004.  Id., ¶ 2.[3]  The District had enough money in fiscal 2005 to fund Tuxhorn's position.  LuAnn Eifert Deposition, at 46-47.

Fews stated in her Affidavit that she did not know Tuxhorn's political affiliation in 2004.  Fews Memorandum, Exhibit 3, Affidavit of Roberta Fews, ¶ 5.  Tuxhorn presented no other admissible evidence regarding Fews' knowledge of her political affiliation.[4]

## ANALYSIS

Fews move for summary judgment.  To prevail, Fews must present evidence that demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The Court must consider the evidence presented in the light most favorable to Tuxhorn.  Any doubt as to the existence of a genuine issue for trial must be resolved against Fews.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  Once Fews has met her burden, Tuxhorn must present evidence to show

---

[3]Robert Eifert also states that he was laid off from his position with the Department on April 30, 2004.  Robert Eifert Affidavit, ¶ 7.  It is unclear whether Robert Eifert had a second job with the Department until April 30, 2004, or that he received notice on April 30, 2004, of his termination with the District, but the termination became effective June 30, 2004.

[4]Robert Eifert states in his Affidavit that a Department employee named Jim Howell told him that he and his family were targeted for political reasons.  Robert Eifert Affidavit, ¶ 7.  This statement is inadmissible hearsay.  Fed. R. Evid. 802.  Hearsay is not competent to oppose a motion for summary judgment.  Fed. R. Civ. P. 56(e).

8

that issues of fact remain with respect to an issue essential to her case, and on which she will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Tuxhorn has failed to present evidence to show that an issue of fact exists.

Generally, firing a public employee because of the employee's political affiliation violates the employee's First Amendment rights to freedom of speech and association. Branti v. Finkel, 445 U.S. 507, 517 (1980); Elrod v. Burns, 427 U.S. 347, 359-60 (1976). To make out a prima facie case of wrongful political firing, Tuxhorn must present evidence that she engaged in protected activity and that her protected activity was a substantial or motivating factor in the employment decision. Hall v. Babb, 389 F.3d 758, 762 (7th Cir. 2004).

Tuxhorn has not met her burden. She presented evidence that she engaged in protected activity. She was a registered Republican. She has presented no competent evidence that her protected activity was a motivating factor for the decision not to renew her contract. "In analyzing this issue, the threshold question is whether the defendants even knew about the [plaintiff's] political activities." Id. There is no evidence that

9

Fews knew that Tuxhorn was a Republican. Tuxhorn, thus, has no evidence that her political affiliation was a factor at all in the decision, let alone a substantial or motivating factor.

Tuxhorn argues that the circumstantial evidence shows that her political affiliation was a motivating factor. She argues that Reinhart's email shows that the Department wanted to fire certain District employees. Further, Fews stepped out of her normal duties to instruct Jurkoshek not to renew Tuxhorn and Downey's employment contracts, even though the District had sufficient funds to keep Tuxhorn another year. Robert Eifert, Tuxhorn's brother-in-law, was also terminated from his position as Associate Superintendent for the District. She argues that this evidence shows Department meddling into the District's hiring decisions.

The evidence certainly shows meddling, but the evidence does not show a connection to anyone's political affiliation. The fact that Reinhart and Fews sought to fire District employees does not show a political motivation. There is no evidence that either sought to identify Republican employees for termination. At best, the evidence shows that the Department decided to terminate some District employees. Reinhart asked about terminating District employees. Fews received calls from her

superiors "over there," and then instructed Jurkoshek to terminate Downey and Tuxhorn, both District contract employees. None of this shows that political affiliation was the motivation. Tuxhorn can only speculate on this essential issue. Speculation is not sufficient to overcome summary judgment. See Hedberg v. Indiana Bell Telephone Co., Inc., 47 F.3d 928, 932 (7th Cir. 1995).

Tuxhorn cites Tarpley v. Jeffers to support her argument that she has presented sufficient circumstantial evidence to overcome summary judgment. Tarpley, 96 F.3d 921 (7th Cir. 1996). In Tarpley, plaintiff Tarpley unsuccessfully applied for a state position. The individuals who interviewed Tarpley for the position stated under oath that they did not know Tarpley's political affiliation. Id., at 927. The court still found that the circumstantial evidence created an issue of fact concerning whether political affiliation was a motivating factor. Id., at 929-30. The evidence in Tarpley, however, showed that the successful candidate had already been hired temporarily for the position based on the recommendation of the Chairman of the Union County, Illinois, Republican Central Committee. Tarpley, 96 F.3d at 923. Thus, the circumstantial evidence indicated that political affiliation was a factor in filling the particular position at issue.

11

Here, no evidence indicates that political recommendations were used to make employment decisions at the District, and no other circumstantial evidence indicates that Fews knew Tuxhorn's political affiliation. Tuxhorn has failed to present evidence on this essential element of her prima facie case. Fews is entitled to summary judgment on the § 1983 claim in Count I. The Court declines to exercise supplemental jurisdiction over the state law tortious interference claim in Count III.

THEREFORE, Defendant Roberta Fews' Motion for Summary Judgment (d/e 46) is ALLOWED. Judgment is entered in favor of Defendant Roberta Fews and against Plaintiff Janice Tuxhorn on her claim in Count I of Plaintiff's First Amended Complaint (d/e 19). The claim in Count III is dismissed for lack of jurisdiction. All other claims have been dismissed previously. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   October 1, 2007
       FOR THE COURT:

                       s/ Jeanne E. Scott
                       JEANNE E. SCOTT
               UNITED STATES DISTRICT JUDGE